The opinion of the Court was delivered by
Wardlaw, J.
In relation to the second and third grounds of appeal, this Court approves of what is said in the report: and it is unnecessary to say more.
The appellants’ counsel has adduced many authorities to show that if, on the production of an instrument, it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. But it is well replied that, in the absence of all other evidence, the appearance may itself be explanatory, or, in other words, the internal evidence afforded by the instrument itself, may show that the alteration preceded the execution; as if the alteration appears in the same handwriting and ink with the body of the instrument, or if it is against the interest of the party deriving title under the instrument. “ Generally speaking,” (says Mr. *391 Greenleaf, whose condensation of the law on fhis subject is adopted by this Court, 1 Green. Ev. sec. 564,) “if nothing appears to the contrary, .the alteration will be presumed to be contemporaneous with the execution of the instrument. But if any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing, but leaves the question of the time when it was done, as well as that of the person by whom, and the intent with which the alteration was made, as matters of fact, to be ultimately found by the jury, upon proofs to be adduced by the party offering the instrument in evidence.”
Ordinarily these questions are determined by the Court in the first instance, upon a preliminary objection to the admissibility of the instrument: but they are often open again to the jury, — always so when the validity of the instrument is directly involved in the issue. In the present case, the defendants raised issues of fact involving direct inquiries into the effect of the alteration, both under the plea of non est factum, and the special plea of erasure. It appeared that the name of the sheriff, Kinard, to whom the bond was payable, had been inserted in the recital, at the blank left for the name of the defendant in the ca. sa., and had then been struck out, and in lieu of it the name of that defendant, C. P. Pope, inserted.- That this had been done before the execution, was presumable from the manifest requirements of the instrument; but it seemed to be made more certain by the occurrence in the condition, of the words plainly written, “the said C. P. Pope,” which could refer to nothing but the name of 0. P. Pope, inserted in the recital. The jury could not reasonably have been expected to be dissatisfied with appearances so plainly explanatory; and this Court is not at all inclined to disturb the verdict in favor of the instrument.
The motion is dismissed
Withers, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed